UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
------------------------------------------------------------ X
IN THE MATTER OF THE SEIZURE OF ALL :
FUNDS ON DEPOSIT AT UNION BANK, N.A. :
IN SAN DIEGO, CALIFORNIA IN ACCOUNTS :     09 CV. 1495 JM (RBB)
3530000248 AND 3530000256, AND ALL :
FUNDS ON DEPOSIT AT WELLS FARGO :     **AS REDACTED**
BANK IN ESCONDIDO, CALIFORNIA IN :
ACCOUNT NUMBER 7986104185, HELD IN :     **ORIGINAL TO BE FILED**
THE NAME OF ACCOUNT SERVICES :     **UNDER SEAL**
CORPORATION, AND ALL PROPERTY :
TRACEABLE THERETO. :
------------------------------------------------------------ X
ACCOUNT SERVICES CORPORATION, :
                           Movant, :
                              -v.- :
UNITED STATES OF AMERICA, :
                          Respondent. :
------------------------------------------------------------ X

**THE GOVERNMENT'S OMNIBUS RESPONSE MEMORANDUM OF LAW ADDRESSING SUPPLEMENTAL FILINGS BY ACCOUNT SERVICES CORPORATION, POKER PLAYERS ALLIANCE, AND NORMAN SMITH AND IN FURTHER OPPOSITION TO ACCOUNT SERVICES CORPORATION'S MOTION FOR RETURN OF PROPERTY**

To be taken on submission: August 21, 2009 at 1:30 p.m.
Oral Argument Not Required

                                                           PREET BHARARA
                                                           United States Attorney
                                                           Southern District of New York
                                                           Attorney for United States of America

JEFFREY ALBERTS
Assistant United States Attorney
- Of Counsel –

## INTRODUCTION

The Government respectfully submits this memorandum of law in response to supplemental filing by Account Services Corporation ("ASC"), the Poker Players Alliance (the "PPA") and Norman Smith. None of these supplemental filings identify a basis for the Court to exercise anomalous jurisdiction over ASC's motion for return of property and convert this motion into a civil action. Accordingly, ASC's motion for return of property should be denied.

## RECENT PROCEDURAL HISTORY

On July 10, 2009, ASC filed a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of the funds seized from the above-captioned Wells Fargo Account and the Union Bank Accounts by the Government.

On August 5, 2009, the Indictment 09 Cr. 752 (SHS) was filed in the Southern District of New York (the "Rennick Indictment"). The Rennick Indictment provided notice that the Government would seek to forfeit the funds in the Wells Fargo Account and Union Bank Accounts, among others. On that same date, an arrest warrant for Douglas Rennick was issued based on the Rennick Indictment.

On August 7, 2009, the Government filed its Memorandum of Law in Opposition to Account Services Corporation's Motion for Return of Property ("Government Opposition Memorandum") and the Declaration of Assistant United States Attorney Jeffrey Alberts in Opposition to Account Services Corporation's Motion for Return of Property ("First Alberts Declaration").

On August 7, 2009, the Poker Players Alliance filed its Brief of Amicus Curiae Poker Players Alliance in Support of Movant ("PPA Brief").

1

On August 14, 2009, several events and filings occurred. First, counsel for the Government and counsel for ASC participated in a conference call with the Court's law clerk. On that call, ASC's counsel stated that it had served several subpoenas for people to appear to testify before the Court on August 21, 2009. ASC's counsel stated that it would contact those people and inform them that they did not need to appear before the Court to provide testimony. ASC's counsel did not state that it would withdraw its subpoenas seeking the production of documents. ASC's counsel also did not agree to contact those individuals and entities on whom such subpoenas were served to inform them that they no longer should produce documents. The Government said that later that day it would submit a letter to the Court concerning those subpoenas. (*See* Declaration of Assistant United States Attorney Jeffrey Alberts, dated August 21, 2009 ("Second Alberts Declaration") ¶ 4.)

Later on August 14, 2009, the Government submitted a letter to the Court requesting that the Court prohibit ASC from obtaining discovery through the issuance of subpoenas to third parties until further order of the Court. (*See* Second Alberts Decl. Ex. 1.)

Also on August 14, 2009, ASC filed its Reply to the Government's Memorandum of Law in Opposition to Account Services Corporation's Motion for Return of Property ("ASC Reply Brief"). ASC also filed under seal a supplemental legal memorandum and accompanying exhibits ("ASC Supplemental Reply Brief and Exhibits").

Finally, on August 14, 2009, the district court in the Southern District of New York entered an order pursuant to 21 U.S.C. § 853 in the criminal action against Douglas Rennick, authorizing the United States Marshals Service to maintain and preserve the seized funds that are

2

the subject of ASC's Rule 41(g) motion, as well as certain other funds, until the conclusion of the criminal action against Rennick.[1] (*See* Second Alberts Decl. Ex. 3.)

On August 17, 2009, ASC filed its Motion and Incorporated Memorandum to Strike the Government's Letter to the Court ("ASC Motion to Strike").

On August 18, 2009, ASC filed an Amended Motion and Incorporated Memorandum to Strike the Government's Letter to the Court.

On August 19, 2009, Norman Smith filed a submission entitled "Norman Smith, Pro Se, End-User Poker Player Request for Leave to Participate and File a 'Friend of the Court' Brief." The Court ordered this submission to be filed *nunc pro tunc* to August 18, 2009, the date that the Court received the submission.

## DISCUSSION

As set forth in the Government's Opposition Memorandum, the Court should decline to exercise anomalous jurisdiction and deny ASC's motion for return of property because the property now is the subject of a criminal forfeiture proceeding. In addition, that property has now been restrained in that criminal forfeiture proceeding under 21 U.S.C. § 853. Finally, even if no criminal forfeiture proceeding had been brought; this case is not one of those rare circumstances in which the exercise of anomalous jurisdiction is justified. The recent supplemental filings by ASC, the PPA and Norman Smith provide no basis to alter the analysis set forth in the Government's Opposition Memorandum.

### I.     ASC's Motion to Strike Should Be Denied.

ASC's motion to strike the Government's letter requesting that the Court order ASC to cease serving civil subpoenas lacks any apparent purpose. ASC does not identify any harm

---

[1] The Government attached to its application for an order under section 853 legal memoranda and certain other documents filed in connection with ASC's motion for return of property.

3

caused by the form of the Government's submission. Since ASC has had an opportunity to submit its response to the Government's request, it is difficult to see how ASC was prejudiced by the form of the Government's filing. Moreover, the Government's decision to submit a letter rather than file a motion with a full-blown briefing schedule was appropriate given that the return date for the subpoenas served by ASC was just a few days after the Government filed its letter. In addition, now that ASC, in its response to the Government's letter, has agreed to withdraw all of the subpoenas previously issued, (*see* ASC Mot. Strike at 3), and has acknowledged that the subpoenas were issued only because of ASC's misunderstanding as to whether the originally scheduled oral argument was to be an evidentiary hearing, (*see id.* at 4.), it appears that ASC and the Government are in agreement that the subpoenas were premature.[2] Accordingly, the issue appears to be resolved and there is no need to either strike the Government's letter or enter an order compelling ASC to stop issuing subpoenas.

A more significant mistake in ASC's Motion to Strike is its position that the Court *must* exercise anomalous jurisdiction over its Rule 41(g) motion and *must* treat it as a complaint filed under the Federal Rules of Civil Procedure. The Ninth Circuit flatly rejected this argument in *United States v. U.S. Currency, $83,310.78*, in which the party moving under Rule 41(g)'s predecessor statute, Rule 41(e), "contend[ed] that the district court erred by not treating her Rule 41(e) motion as a civil equitable proceeding" and argued that "'an individual has a right to move for the return of his/her property under Rule 41(e) where there are no pending criminal proceedings.'" 851 F.2d 1231, 1234 (9th Cir. 1988) (quoting movant's memorandum of law). This argument was nearly identical to ASC's contention that "a Rule 41(g) motion is construed

---

[2] ASC does assert that its subpoenas "were not premature" because they were issued "in anticipation of an evidentiary hearing." (ASC Mot. Strike at 4.) However, given that ASC acknowledges that there was no scheduled evidentiary hearing, and that ASC misunderstood this, it is evident that this is merely an explanation of why ASC issued the subpoenas prematurely, not an argument that they were not premature.

as a civil complaint if there are no criminal proceedings pending." (ASC Mot. Strike at 4.) The Ninth Circuit rejected the movant's argument and noted that to convert a motion for return of property under the Federal Rules of Criminal Procedure into a civil action is to "fashion an equitable remedy to secure justice for the claimant." *Id.* at 1235. The Ninth Circuit held that the district court did not err in refusing to convert the motion into an action governed by the Federal Rules of Civil Procedure because the claimant could assert her right to her property in the civil forfeiture action which was filed after she filed her motion for return of property, which meant that there was no need to fashion an equitable remedy. *Id.*

Earlier this year, the Ninth Circuit reaffirmed that a court is not required to convert a Rule 41(g) motion into a civil action, noting that "[w]here no criminal proceeding is pending, a district court has *discretion* to hear a motion for the return of property as a civil equitable proceeding." *Kardoh v. United States*, -- F.3d --, 2009 WL 1978825, at *2 (9th Cir. July 10, 2009). ASC's attempt to remove the Court's discretion by asserting that the Court is *required* to hear its motion as a civil equitable proceeding has no basis in law. The Ninth Circuit opinion that ASC cites in support of this proposition merely noted—in dicta—that the district court's decision to treat the Rule 41(g) motion as a civil action was made "properly," not that converting the Rule 41(g) motion into a civil complaint was mandatory. *United States v. Ibrahim*, 522 F.3d 1003, 1007, 1008 (9th Cir. 2008) (reversing the district court's dismissal on summary judgment because the district court did not apply the well-established summary judgment standard and *"[o]nce the district court treated [movant's] Rule 41(g) motion as a civil complaint, . . . it was required to apply the Federal Rules of Civil Procedure"*) (emphasis added).

5

II.  **The Supplemental Arguments Submitted Under Seal by ASC Do Not Justify Granting ASC's Motion for Return of Property.**

[Redacted]

[redacted]

### III. Amicus Briefs Filed by the PPA and Norman Smith Provide No Reason to Exercise Jurisdiction Over ASC's Rule 41(g) Motion.

The PPA's brief is a sprawling boilerplate legal memorandum addressing a statute, the Unlawful Internet Gamling Enforcement Act of 2006, on which the Government did not base any of the seizures at issue in this case, and arguing about whether poker is a game of skill, a question that is not currently before the Court. These arguments provide no basis for the Court to exercise jurisdiction over ASC's Rule 41(g) motion. The PPA devotes approximately one page of its 25-page memorandum to the question of whether it is proper for a district court to exercise anomalous jurisdiction over a Rule 41(g) motion after an indictment is filed. This argument is based on a straightforward mischaracterization of the Second Circuit's holding in *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). The PPA asserts that the Second

Circuit held that a district court may retain jurisdiction to entertain a 41(g) motion for return of property filed before indictment. (PPA Br. at 2.) *De Almeida* contains no such holding. In that opinion, the Second Circuit affirmed the district court's *refusal* to exercise jurisdiction over a Rule 41(g) motion. *Id.* at 383. Accordingly, any statement that a district court may retain jurisdiction after the filing of an indictment would be dicta. However, the Second Circuit did not even state in dicta the conclusion that PPA mischaracterizes as a holding; the closest it came was the aside that "the district court may have had discretion to rule in [the movant's] favor." *Id.* at 383. Finally, even if the Second Circuit had held that the Court may retain jurisdiction after an indictment is filed, that would not be appropriate in the case for the reasons stated above.

Norman Smith's Amicus Brief is similarly devoid of support for ASC's motion. It contains discussions of wrongful business practices by online poker websites and asserts that FullTilt and Bodog Poker, two online gambling websites, wrongfully and unlawfully took his property. While this may form a basis for some sort of legal claim against these entities, it does not support ASC's motion for the return of property, much less provide a basis for the Court to exercise equitable jurisdiction over ASC's Rule 41(g) motion.

## CONCLUSION

For all of the foregoing reasons, the Government respectfully request that this Court deny Account Services Corporation's motions for return of property.

Dated: New York, New York
      August 21, 2009

                                PREET BHARARA
                                UNITED STATES ATTORNEY
                                SOUTHERN DISTRICT OF NEW YORK

                             By: _____
                                Jeffrey Alberts
                                Assistant United States Attorney
                                Telephone: (212) 637-1038